UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMES RAY, <br><br> Plaintiff, <br><br> v. <br><br> DONALD PRIVER, *et al.*, <br><br> Defendants. | Case No. 24-cv-1186 (JMC) |

## MEMORANDUM OPINION

Plaintiff Ames Ray sues Internal Revenue Service (IRS) employees Donald Priver and Jon Lawson, alleging that they violated his constitutional rights in pursuing a tax penalty. ECF 17.[1] Defendants move to dismiss, arguing primarily that Ray cannot state a claim against Priver and Lawson in their individual capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF 21. The Court agrees, and will therefore **GRANT** Defendants' motion to dismiss.

## I.  BACKGROUND

In 2014, the Internal Revenue Service (IRS) audited Ray. ECF 17 ¶ 18. The IRS issued Ray a notice of deficiency stating that he had underpaid his taxes and owed a penalty pursuant to 26 U.S.C. § 6662(a). *Id.* ¶¶ 4, 30. That statute provides that, if a taxpayer underpays his taxes because he was "negligen[t]" or "disregard[ed] rules or regulations," then "there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment." 26 U.S.C. §§ 6662(a),

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

(b)(1). Ray alleges that these claims were false, and that he did not underpay negligently or with disregard for regulations. *See* ECF 17 ¶ 47. In fact, according to Ray, at least two IRS agents— Brian Donovan and Lily Contreras—had examined his tax return and found there was insufficient evidence for a § 6662 penalty. *Id.* ¶¶ 19–23. Ray claims that Lawson, an IRS revenue agent, and Priver, an IRS attorney, knew about those recommendations and knew that "there were not facts to support such penalties," but nevertheless sought the § 6662 penalty. *Id.* ¶¶ 5, 26. Ray also alleges that the IRS based its notice of deficiency on "Defendants' falsification of the exculpatory evidence in [his] IRS Administrative Case History file." *Id.* ¶ 30.

Ray sued in U.S. Tax Court arguing that the IRS wrongfully imposed the penalty. *Id.* ¶ 31; *see Ray v. Comm'r of Internal Revenue*, No. 14052-16.[2] He claims that, in the course of that litigation, Priver and Lawson repeatedly lied to the court and falsified evidence "in order to oppress, intimidate and/or coerce Plaintiff into settling the IRS's claims." ECF 17 ¶¶ 5, 27, 29, 32, 34, 36–39. The Tax Court issued a decision upholding the imposition of the penalty. *Id.* ¶ 39; *see Ray v. Comm'r of Internal Revenue*, 117 T.C.M. (CCH) 1189, at *23–29 (T.C. 2019). Ray appealed to the Fifth Circuit, which reversed the Tax Court's decision on the penalty. ECF 17 ¶ 40; *see Ray v. Comm'r of Internal Revenue*, 13 F.4th 467, 483 (5th Cir. 2021). On remand, the Tax Court found for Ray and determined no penalty was owed. ECF 17 ¶ 41; *see Ray v. Comm'r of Internal Revenue*, No. 22-60624, 2023 WL 5346067, at *1 (5th Cir. Aug. 18, 2023).

In April 2022, the agency disclosed Donovan and Contreras's files to Ray in response to a Freedom of Information Act (FOIA) request. ECF 17 ¶ 42. Per Ray, this is how he learned "that Defendants Priver and Lawson had falsely and maliciously prosecuted a claim for a negligence/disregard of the rules penalty . . . and falsified exculpatory evidence, despite

---

[2] The Court may take judicial notice of other courts' proceedings. *Donelson v. U.S. Bureau of Prisons*, 82 F. Supp. 3d 367, 371 (D.D.C. 2015), *aff'd*, No. 15-5136, 2015 WL 9309944 (D.C. Cir. Dec. 7, 2015).

Donovan's and Contreras's findings, which had not been disclosed to, and had been fraudulently concealed, from Plaintiff, the Tax Court, and the Fifth Circuit." *Id.* ¶ 43.

Ray initially filed a pro se complaint in this court. ECF 1. He subsequently retained counsel, who filed an amended complaint. ECF 17. Ray sues Lawson and Priver in both their individual and official capacities, as well as unnamed employees (John and Jane Does 1–10) who worked with Lawson and Priver. *Id.* ¶¶ 1; 10–16. He brings two claims: malicious prosecution in violation of the Fourth Amendment (Count I), and denial of his right to a fair trial under the Fifth Amendment's Due Process Clause (Count II). *Id.* ¶¶ 44–57. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). ECF 21. Ray filed an opposition, ECF 24, and Defendants filed a reply, ECF 27.

## II.    LEGAL STANDARD

### a.  Rule 12(b)(1)

When assessing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "[i]t is to be presumed that a cause lies outside [the federal courts'] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court accepts the complaint's allegations as true, *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015), and "where necessary . . . may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts," *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### b.  Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). The Court "must accept as true all of the allegations contained in a complaint," but need not do the same for legal conclusions. *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). At bottom, the complaint must contain allegations sufficient to permit a "reasonable inference that the defendant is liable for the misconduct alleged." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011) (quoting *Iqbal*, 556 U.S. at 678).

### III.    ANALYSIS

Defendants argue that Ray's claims should be dismissed for three reasons. First, Defendants contend that Ray failed to properly serve them. ECF 21-1 at 14. That argument is now moot because, after Defendants filed their motion to dismiss, the government accepted service on Lawson and Priver's behalf, *see* ECF 22; ECF 23, and Defendants do not maintain in their reply that service remains improper, *see* ECF 27. Second, Defendants ask the Court to dismiss Ray's claims against Lawson and Priver in their official capacities pursuant to Rule 12(b)(1), because such claims are barred by sovereign immunity. ECF 21-1 at 12–13. Ray concedes this point. ECF 24 at 35. Because "[i]t is well established that *Bivens* remedies do not exist against officials sued in their official capacities," the Court agrees and will dismiss Ray's official-capacity claims. *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011). Third, Defendants argue that Ray's claims against Lawson and Priver in their individual capacities should be dismissed for failure to state a *Bivens* claim. The Court turns to that issue now.

*Bivens* provides an implied cause of action for plaintiffs to seek damages from individual federal officers for constitutional violations. *See Bivens*, 403 U.S. at 395–97. But it does not promise redress for every violation. The Supreme Court has recognized *Bivens* remedies only for certain Fourth Amendment, *id.*, Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 18–23 (1980),

and Fifth Amendment Equal Protection Clause violations, *Davis v. Passman*, 442 U.S. 228, 245–48 (1979). And even within those contexts, the Supreme Court has declined to apply *Bivens* in every circumstance. *See, e.g.*, *Egbert v. Boule*, 596 U.S. 482, 493–94 (2022) (declining to provide *Bivens* remedy for Fourth Amendment violation); *Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (same for Eighth Amendment violation). The bar here is a very high one. "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 596 U.S. at 492 (quoting *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)).

To determine whether a *Bivens* remedy is available, courts ask two questions: (1) "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action," and if so, (2) "if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017)). These two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* "The guiding principle behind the inquiry is respect for the separation of powers and deference to Congress's preeminent role as the legislative body." *Buchanan v. Barr*, 71 F.4th 1003, 1007 (D.C. Cir. 2023).

The Court concludes that, under binding D.C. Circuit and Supreme Court precedent, Ray's claims present a "new context" and "special factors" counsel against allowing a *Bivens* claim to proceed. The Court will therefore grant Defendants' motion to dismiss Ray's individual-capacity claims.

### a. New Context

Defendants argue that Ray's *Bivens* claims arise in a new context. ECF 21-1 at 9. The Supreme Court has previously allowed a *Bivens* claim for damages in only three contexts: a Fourth

Amendment claim for unreasonable search and seizure, *see Bivens*, 403 U.S. at 389, a Fifth Amendment sex discrimination claim against a member of Congress, *see Davis*, 442 U.S. at 231, 248, and an Eighth Amendment cruel and unusual punishment claim, *see Carlson*, 446 U.S. at 17–18. "If [a] case is different in a meaningful way" from those previous three cases, "then the context is new." *Abbasi*, 582 U.S. at 139. The Supreme Court has offered the following (non-exhaustive) list of examples "that are meaningful enough to make a given context a new one":

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 139–40. Thus, "[w]hat constitutes a 'new context' is exceedingly broad." *Buchanan*, 71 F.4th at 1008.

Ray alleges that Lawson and Priver maliciously prosecuted him in violation of the Fourth Amendment by "asserting and prosecuting false claims against him"—namely, the § 6662 penalty—and defending the imposition of that penalty before the Tax Court.[3] ECF 17 ¶¶ 45, 47. Relatedly, he claims that Lawson and Priver "falsified and withheld exculpatory evidence" by failing to disclose the fact that other IRS agents had not recommended such a penalty and that Defendants had no basis to pursue a penalty, which Ray contends deprived him of a fair trial in violation of the Fifth Amendment's Due Process Clause. *Id.* ¶¶ 53–55. These Fourth and Fifth Amendment claims are meaningfully different from the claims in *Bivens* and *Davis*. *See Hernandez*, 589 U.S. at 103 ("A claim may arise in a new context even if it is based on the same

---

[3] Ray spends much of his opposition arguing that the Fourth Amendment covers malicious prosecution claims. *See* ECF 24 at 13–21. But Defendants do not argue otherwise. *See* ECF 21-1. Rather, the disputed issue is whether Ray can seek damages against IRS employees for an alleged malicious prosecution, pursuant to *Bivens*.

constitutional provision as a claim in a case in which a damages remedy was previously recognized."). Ray's case does not concern either an unreasonable search or seizure (as in *Bivens*), or alleged discrimination by a supervisor (as in *Davis*). Ray's claims also concern a different category of defendants (IRS employees) operating under a different statutory mandate (the Internal Revenue Code). *Cf. Bivens*, 403 U.S. at 389 (law enforcement officers); *Davis*, 442 U.S. at 230 (member of Congress). And, as the Court explains below, an important "special factor" is present: an alternative remedial scheme. *See Egbert*, 596 U.S. at 493 ("If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" (quoting *Abbasi*, 582 U.S. at 137)).

The cases Ray cites do not compel a different conclusion. *See* ECF 24 at 13–31. *Thompson v. Clark*, 596 U.S. 36 (2022) dealt with 42 U.S.C. § 1983 claims against state officers, not a *Bivens* claim against federal officers. Several of the cases Ray relies on held that malicious prosecution and related claims regarding falsification of evidence or due process violations did arise in a "new context," but that they nonetheless survived step two of Bivens inquiry. *See Lanuza v. Love*, 899 F.3d 1019, 1027–28 (9th Cir. 2018); *Powell v. United States*, No. 19-cv-11351, 2020 WL 5126392, at *7–12 (S.D.N.Y. Aug. 31, 2020); *Helvig v. United States*, No. 18-cv-7939, 2019 WL 8108720, at *7 (C.D. Cal. Oct. 1, 2019). As the Court will explain *infra*, Ray's claims cannot survive step two. And *Zherka v. Ryan*, 52 F. Supp. 3d 571 (S.D.N.Y. 2014), which was handed down before the Supreme Court decided *Abbasi*, *Hernandez*, and *Egbert*, seems to skip step one of the *Bivens* inquiry entirely. *Id.* at 579–81.

Ray cites several cases in which courts found that malicious prosecution or falsification of evidence claims either did not constitute a "new context" or at least presented a close question. *See Jacobs v. Alam*, 915 F.3d 1028, 1038–39 (6th Cir. 2019); *Kyles v. Cnty. of Oakland*, 725 F. Supp.

7

3d 692, 707–10 (E.D. Mich. 2024); *Graber v. Dales*, No. 18-cv-3168, 2019 WL 4805241, at *3–4 (E.D. Pa. Sept. 30, 2019). But none of those cases involved IRS employees or IRS penalties, and all of them were linked in some way to an unreasonable search or seizure that arguably tracked the circumstances of *Bivens*. *See Graber*, 2019 WL 4805241 at *3–4 (plaintiff alleged that a Secret Service officer "violated his Fourth Amendment rights by filing an affidavit in support of an arrest warrant that resulted in his unconstitutional detention," and court emphasized that "[s]eeking an arrest warrant from a magistrate judge is different from personally handcuffing a suspect, but both are part and parcel of the seizure of a person"); *Jacobs*, 915 F.3d at 1033–34, 1043 (claims for malicious prosecution and fabrication of evidence did not constitute a "new context" where plaintiff alleged that U.S. Marshals "ransacked" his house and fabricated evidence during that search); *Kyles*, 725 F. Supp. 3d at 707–10, 697 (noting some tension in the fabrication-of-evidence caselaw, but ultimately concluding that exoneree's claim did not present a "new context" where he alleged that investigators obtained a wrongful conviction by fabricating evidence of his guilt, resulting in him serving 25 years in prison).

In sum: because this case concerns alleged misconduct by IRS employees seeking to impose a penalty on a taxpayer and defending that penalty in court, it presents a "new context." *See Canada v. United States*, 950 F.3d 299, 307 (5th Cir. 2020) (claim that "IRS agents intentionally manipulated a penalty assessment" in violation of Fifth Amendment presented a "new context"); *McBratnie v. Rettig*, No. 22-1915, 2023 WL 10477135, at *5 (6th Cir. Aug. 14, 2023), *cert. denied*, 144 S. Ct. 2570 (2024) (Fifth Amendment due process claims alleging taxpayer was mistreated by IRS officials and attorneys during administrative proceedings and tax court litigation arose in a "new context").

### b. Special Factors

Because the Court finds that Ray's claims arise in a "new context," the Court moves to the second step of the *Bivens* inquiry: whether there are any "'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 492 (quoting *Abbasi*, 582 U.S. at 139). One such special factor that is all but dispositive is the existence of an alternative remedial scheme. *See id.* at 493; *Abbasi*, 582 U.S. at 137. The Supreme Court has been clear that "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure,'" even if that existing remedial scheme does not accord the plaintiff complete relief. *Egbert*, 596 U.S. at 493; *see Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988) (no *Bivens* remedy for improper denial of Social Security disability benefits given the "elaborate remedial scheme devised by Congress"); *Bush v. Lucas*, 462 U.S. 367, 368 (1983) (no *Bivens* remedy for First Amendment claims brought by federal employees against supervisors because "such claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions").

The D.C. Circuit, joining many of its sister circuits, has twice declined to allow a *Bivens* claim to proceed against IRS employees because the Internal Revenue Code itself provides plaintiffs a "comprehensive remedial scheme." *See True the Vote, Inc. v. Internal Revenue Serv.*, 831 F.3d 551, 556–57 (D.C. Cir. 2016); *Kim*, 632 F.3d at 717–18 (citing cases in which the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits came to the same conclusion). Indeed, "[i]t would be difficult to conceive of a more comprehensive statutory scheme, or one that has received more intense scrutiny from Congress, than the Internal Revenue Code." *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 410 (4th Cir. 2003). The Code's "vast and exceedingly complex statutory apparatus" gives taxpayers "all sorts of rights against an

9

overzealous officialdom." *Id.* A taxpayer seeking to challenge a tax or penalty assessment has several options, including (1) seeking administrative review before the IRS Appeals Office, (2) paying the tax or penalty and suing in federal court for a refund, or (3) challenging the assessment in a tax court (as Ray did here). *See Canada*, 950 F.3d at 306. And, when it comes to allegations of misconduct against individual IRS employees, "Congress created the Treasury Inspector General for Tax Administration [(TIGTA)], an entity separate and distinct from the IRS, with responsibility for investigating" those allegations. *Judicial Watch, Inc.*, 317 F.3d at 410–11. These remedies are at least as meaningful as those available in *Egbert*, where the Supreme Court declined to allow a *Bivens* remedy against a U.S. Border Patrol Agent, emphasizing that Border Patrol was required by regulation to accept and investigate grievances alleging employee misconduct. *See* 596 U.S. at 497 (citing 8 U.S.C. § 1103(a)(2); 8 C.F.R. §§ 287.10(a)–(b)).

Ray argues that TIGTA "provides no monetary remedy for the aggrieved taxpayer and is thus not equipped to remedy problems of malicious prosecution," and that he has in fact already complained to the IRS, which found against him. ECF 24 at 34. But an alternative remedial scheme need not provide damages to preclude a *Bivens* claim. *See Egbert*, 596 U.S. at 497–98. In fact, as another Circuit has explained, "Congress' failure to include a damages remedy for malicious assessment of penalties, despite enacting statutes that provide for damages when IRS agents commit other tortious actions, counsels hesitation in extending a *Bivens* remedy for that conduct." *Canada*, 950 F.3d at 310. The focus of the *Bivens* inquiry is "whether the Government has put in place safeguards to 'preven[t]' constitutional violations 'from recurring.'" *Egbert*, 596 U.S. at 497–98 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71, 74 (2001)). Under *Egbert*, *True the Vote*, and *Kim*, the remedial scheme established in the Internal Revenue Code and provided for by TIGTA fits that bill. *See Canada*, 950 F.3d at 310–12; *McBratnie*, 2023 WL

10

10477135, at *6; *Musto v. Sweeney*, No. 3:21-CV-0966, 2022 WL 4472462, at *10 (M.D. Pa. Sept. 26, 2022) (no *Bivens* remedy for Fourth Amendment malicious prosecution claim against IRS employees because "[i]t is clear that Congress has provided meaningful safeguards or remedies for aggrieved taxpayers to bring complaints against IRS agents who may have wronged them," even though "the statutory schemes may not provide for complete relief").

Most of the cases Ray cites to the contrary did not involve IRS employees. *See Lanuza*, 899 F.3d at 1021 (suing ICE official); *Jacobs*, 915 F.3d at 1033 (suing federal marshals); *Webb v. United States*, 789 F.3d 647, 651 (6th Cir. 2015) (suing DEA agents); *Kyles*, 725 F. Supp. 3d at 698, 705 (suing FBI agent); *Powell*, 2020 WL 5126392, at *1–2 (suing DEA agent); *Graber*, 2019 WL 4805241, at *1–6 (suing Secret Service agent); *Helvig*, 2019 WL 8108720, at *1 (suing Veteran's Administration Police Department officers). That matters, because the remedies available to Ray here, against IRS employees, may not have been available in those other contexts. The only case Ray cites where a court allowed a *Bivens* claim against an IRS employee is *Zherka*, 52 F. Supp. 3d at 571, which predated the Supreme Court's decisions in *Abbasi*, *Hernandez*, and *Egbert*. In *Zherka*, the district court concluded that "[t]he Internal Revenue Code does not provide a sufficiently comprehensive scheme to preclude" a *Bivens* action because (1) it did not allow the plaintiff in that case to seek damages, and (2) TIGTA "does not appear to be equipped to remedy problems of retaliatory investigation in individual cases." *Id.* at 580. But that out-of-jurisdiction district court case is not binding on this Court, and the Court declines to adopt its analysis for several reasons. First, it would seem to contradict *True the Vote* and *Kim*, where the D.C. Circuit held that the Internal Revenue Code does provide a comprehensive remedial scheme. *See True the Vote, Inc.*, 831 F.3d at 556–57; *Kim*, 632 F.3d at 717–18. Second, *Zherka* is difficult to square with *Egbert*, where the Supreme Court rejected the argument that Border Patrol's grievance process

11

was an inadequate remedy because the appellee could not win damages, was not entitled to participate in the process, and had no right to judicial review. 596 U.S. at 497–98. And third, *Zherka* seems to be somewhat of an outlier even in its own district. *See Modest Needs Found. v. Bianco*, No. 16-cv-3144, 2017 WL 3130416, at *13 n.20 (S.D.N.Y. July 21, 2017) (recognizing that *Zherka* was decided before *Abbasi* and collecting district cases involving similar facts that declined to follow *Zherka*'s approach).

The Supreme Court has been clear: "expanding the *Bivens* remedy is now considered a 'disfavored' judicial activity." *Abbasi*, 582 U.S. at 135 (quoting *Iqbal*, 556 U.S. at 675). Because the Court has more than one "reason to pause before applying *Bivens* in [this] new context," it must dismiss Ray's *Bivens* claims. *Hernandez*, 589 U.S. at 102.

\* \* \*

For the foregoing reasons, Defendants' motion to dismiss, ECF 21, is **GRANTED**, and as a result Plaintiff's amended complaint is **DISMISSED.** A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: April 15, 2025